**Devan PARDUE, et al**

v.

**RIVER THAMES
INSURANCE CO., et al.**

**No. 86–582–B.**

United States District Court,
M.D. Louisiana.

Dec. 5, 1986.

Hobart O. Pardue, Jr., Springfield, La., for plaintiffs.

William C. Kaufman, III, Seale, Smith & Phelps, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on a motion of the plaintiffs to remand this case to the Twenty First Judicial District Court in the Parish of Livingston. There is no need for oral argument.

On or about May 2, 1986, certain property which belonged to the plaintiffs was totally destroyed by fire. The damaged property was covered by a policy of insurance issued by the defendants. The policy was issued on or about March 18, 1986, almost two months before the fire. On May 9, plaintiff filed a proof of loss with the defendants which was received by them on May 13, 1986. After the defendants did not pay the claim, suit was filed in state court on July 14, 1986. The suit was timely removed to this court on August 29, 1986. Thereafter, plaintiff filed his motion to remand.

Plaintiff asserts in his motion that this court does not have subject matter jurisdiction since this is a diversity case and there is not $10,000.00 in controversy. The plaintiff's petition prays for $9,999.99, an obvious attempt by the plaintiff to preclude the defendants from removing this action. The plaintiff correctly argues that it is the defendants' burden of proof to show that this court has jurisdiction. Since the defendants have met this burden, plaintiffs' argument to the contrary is without merit.

The defendants assert that jurisdiction is present in federal court because the plaintiff has sought statutory penalties in addition to the $9,999.99 in damages. The defendant argues that these statutory penalties should be included when calculating the amount in controversy.

While 28 U.S.C. § 1441 does not specifically say so, most courts, including this one, have held that the jurisdictional amount in diversity cases must be present for the court to have jurisdiction on removal. *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162, 163 (M.D.La.1985). Therefore, in those cases in which jurisdiction is based on diversity, the court must remand unless the dispute involves an amount in excess of $10,000. *Hale,* supra.

If the asserted claim seeks only a money judgment, it is possible for the plaintiff to defeat federal court jurisdiction by waiving part of his claim. *Robinson v. Quality Insurance Co.*, 633 F.Supp. 572, 577 (S.D. Ala.1986); Wright, Miller and Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3725 (West 1985). Since the plaintiff in this case only prays for $9,999.99, the jurisdictional amount is not met unless the statutory penalties can be included.

28 U.S.C. 1332 provides that "interests and costs" are not included when calculating the jurisdictional amount in controversy. The statutory penalties sought under R.S. 22:658 should be included unless they are "interests and costs" within the meaning of § 1332. In deciding the issue of whether statutory penalties and attorney's fees are included as costs under § 1332, the Supreme Court stated:

> In the state court the present respondent sought to enforce the liability imposed by statute for his benefit—to collect something to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere "costs" excluded from the reckoning by the jurisdictional and removal statutes.

*Missouri State Life Insurance Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 134, 78 L.Ed. 267 (1933). This holding has been consistently followed by the lower courts. *Clark v. National Travelers Insurance Co.*, 518 F.2d 1167 (6th Cir.1975).

Since Louisiana law provides for a mandatory penalty for arbitrary and capricious non-payment of an insurance claim and the plaintiff has prayed for such penalty in addition to the $9,999.99 sought in actual damage, the requisite jurisdictional amount has been satisfied in this case. Thus, this court has jurisdiction and plaintiff's motion to remand should be denied.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand be and is hereby DENIED.