Melvin Ray SMITH, Sr.

v.

**EXECUTIVE FUND LIFE INSURANCE COMPANY.**

No. 86–777–B.

United States District Court, M.D. Louisiana.

Dec. 31, 1986.

William T. Lowrey, Jr., Baton Rouge, La., for plaintiff.

Francis G. Weller, Ethel H. Cohen, Deutsch, Kerrigan & Stiles, New Orleans, La., John F. Derenbecker, for defendant.

POLOZOLA, District Judge.

This matter is before the court on plaintiff's motion to remand this case to state court. Oral argument was held on December 5, 1986 before this court and for the reasons set forth below, the motion of the plaintiff to remand must be granted.

Plaintiff filed this action on April 4, 1986 in the Twentieth Judicial District Court for the Parish of East Feliciana. The plaintiff alleges that the defendant has unreasonably withheld benefits for total disability under a policy of insurance issued to the

plaintiff by the defendant. The defendant answered the state court suit on April 19, 1986. Thereafter, a pre-trial conference was held and a trial date was set in January of 1987. On November 7, 1986, after the case had been pending in state court over seven months, the defendant removed this case to federal court. The plaintiff then filed a motion to remand. The court finds that the defendant did not timely remove the case within the thirty day period set forth in 28 U.S.C. § 1446(b).

The issue on this motion to remand is when did defendant know that the amount in controversy exceeded $10,000.00 and did the defendant remove the case within thirty days that the amount in controversy became known to the defendant.

The plaintiff's petition does not set forth a total amount in controversy. Rather, the petition prays for $540.00 a month plus statutory penalties and attorney's fees.[1] Since defendant paid benefits under the policy until January 28, 1986, the amount in controversy was far below the $10,000.00 needed to invoke the jurisdiction of this court at the time the state court petition was filed. But as the months passed and no further benefits were paid, the amount in controversy increased. The defendant set forth the amount in controversy in Exhibit A of the petition by taking the amount due each month and multiplying by two for the statutory penalty under La.R.S. 22:657. Exhibit A provides:

| | |
|---|---|
| 7–28–86 | $6,540.00 |
| 8–28–86 | 7,620.00 |
| 9–28–86 | 8,700.00 |
| 10–28–86 | 9,780.00 |
| 11–28–86 | 10,860.00 |

■ In determining the amount in controversy in a case where the plaintiff does not pray for a specific amount the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim. *Rollwitz v. Burlington Northern Railroad*, 507 F.Supp. 582, 585 (D.Mont.1981). In determining the amount in controversy, this court must look to the time of the removal petition. *Ellis v. Logan Co.*, 543 F.Supp. 586, 588 (W.D.Ken.1982).

■ The defendant argues that the case did not become removable until October 28, 1986 at which point it was obvious that the $10,000.00 amount was met—$9,780.00 in payments and penalties plus reasonable attorney's fees were in dispute at that time. Plaintiff on the other hand asserts that the defendant should have known much earlier that $10,000.00 was in dispute and that the filing of the petition of removal on November 7, 1986 was much too late. The court finds that the amount in controversy began at least by September 28, 1986 when $8,700.00 was due in benefits plus a reasonable attorney's fee. Counsel for defendant in oral argument concedes a reasonable attorney's fee due at this time would cause the amount due to exceed $10,000.00 if attorney's fees were awarded.

■ The removal statutes must be construed narrowly to prevent encroachment on state court jurisdiction and to give effect to the plaintiff's choice of forum. *Robinson v. Quality Insurance Co.*, 633 F.Supp. 572, 574 (S.D.Ala.1986). However, it would be unfair to the defendant to require him to guess as to the point in time at which $10,000.00 is in controversy.

■ The thirty days cannot begin until the defendant is able to reasonably and intelligently conclude from the pleadings and "other papers" that the amount in controversy is in excess of $10,000. *Rollwitz*, 507 F.Supp. at 586.

■ The problem in this case is not with the amount due or the penalty involved, but rather with the amount of reasonable attorney's fees. When such fees are awarded under a statute, they are included in calculating the jurisdictional amount. *Pardue v. River Thames Insurance Co.*, 651 F.Supp. 143, (M.D.La.1986); *Martin v. Granite City Steel Corp.*, 596 F.Supp. 293, 296 (S.D.Ill.1984). Under the facts of this case, it is reasonable to conclude that this case was clearly removable by September

---

**1.** The first payment due in February is $520.00. All other payments sought are $540.00.

28, 1986. Therefore, the thirty day period for removal began at that point. Since the petition was not filed until November 7, 1986, the removal petition was not timely filed and this case must be remanded to state court.

The court does not feel that this holding is unduly harsh on defendant. In most cases in which the plaintiff does not pray for a specific amount, it is unreasonable to expect the defendant to calculate with any amount of certainty the claims of the plaintiff. But in this case, the defendant even provided the court with a chart of the accrued payments and penalties. It is clear that the defendant should have known at an early date when the requisite jurisdictional amount would be met and when removal would be proper. Once removal was proper, the defendant should have timely filed its removal petition rather than waiting until slightly over a month before trial to remove the case to this court.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand be and is hereby GRANTED; and

IT IS FURTHER ORDERED that this case be remanded to the Twentieth Judicial District Court for the Parish of East Feliciana.

Judgment shall be entered accordingly.