PRESTON H. HUFFT, Judge Pro Tern.
Plaintiff appeals from a judgment finding her to be 75% contributorily negligent in causing injuries she sustained and awarding her total damages of $80,000.00 which she alleges to be inadequate.
The issues presented on appeal are:
(1) Whether the finding of fault attributable to plaintiff is clearly erroneous;
(2) Whether the finding of the degree of fault attributable to plaintiff is clearly erroneous; and
(3)Whether the total amount of damages determined is clearly erroneous and an abuse of discretion such that revision in accordance with comparable, reasonable and minimum amounts for similar types of damages would be appropriate.
On October 4, 1983, Carol Adams (“plaintiff”) was driving her automobile on Banks Street in the City of New Orleans toward South Jefferson Davis Parkway. Banks Street, near the intersection with South Jefferson Davis Parkway, is a four-lane street divided in the center by a narrow median or “neutral ground”; thus, there are two lanes of traffic for each direction. While approaching the intersection, plaintiff was following a tractor-trailor truck driven by one of the defendants, John Elton Phillips; both vehicles had been in the left lane. The City of New Orleans prohibits tractor-trailer trucks from traveling on that portion of Banks Street. In order to negotiate a left turn onto South Jefferson Davis Parkway, Phillips steered his truck into the right lane without giving any signal for a lane change. Plaintiff proceeded to pass the truck on the left. As plaintiff arrived at the intersection, Phillips began a left turn onto South Jefferson Davis Parkway. Phillips’ testimony as to his position just prior to beginning the turn is contradictory. At one time he stated that he had blocked both lanes of traffic and at another time he indicated that he had pulled all the way into the right lane. Plaintiff testified that Phillips had veered entirely into the right lane. Phillips’ testimony as to whether he gave a left turn signal is also contradictory. When examined by plaintiff’s counsel, Phillips stated that- he could not specifically recall turning on the left turn blinker lights, though he stated he always did so as a matter of training and practice, but when questioned by defense counsel, he affirmatively stated that he did turn on the left blinker lights. Plaintiff stated that the truck’s left turn signal had not been activated which appears to be a conclusion drawn from her failure to have seen any blinker lights. While plaintiff continued to pass Phillips and proceed through the intersection, Phillips began his left turn, then *653 looked into his left side mirror, saw plaintiff coming, began to stop and a collision resulted. The right front corner of plaintiffs car collided with the left front tire of Phillips’ truck. Plaintiffs car did not manifest any significant damage on the outside, but disabling internal damage resulted. Phillips’ truck did not sustain any damage. At the time of the accident, Phillips was in the employ of Alterman Transport Lines, Inc., also a defendant herein. Plaintiff suffered physical injuries, specifically to her back, together with pain and suffering, medical and therapy expenses, and lost wages.
The first issue raised for our consideration is whether the decision of the jury, in attributing fault to the plaintiff, is clearly erroneous and should be overturned. Plaintiff relies upon the well known and controlling rule of Arceneaux v. Dominque, 365 So.2d 1330 (La., 1978), that the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding of the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. The defendants quite properly respond that questions of fact are generally left to the jury and their findings should not be disturbed unless they are clearly wrong. Soileau v. South Central Bell Telephone Company, 406 So.2d 182 (La., 1981); Arceneaux v. Dominque, supra.
We have a great deal of difficulty in discerning how the jury attributed any fault to the plaintiff. Philips’ testimony is contradictory in many respects. At one time he stated that he maneuvered his truck so as to block both lanes of traffic but at another time he seemed to indicate that he had pulled entirely into the right lane in order to make the wide left turn. Phillips testified that although he did not signal before executing the change of lanes from left to right, which is required by law, he is certain that he gave a signal for a left turn because of training, experience and routine practice. Phillips contradicted himself as to whether he could specifically recall giving a left turn signal. At first he testified that he could not specifically recall giving the signal, but in later testimony, he confirmed that he specifically remembered that he did. These contradictions give rise to serious questions as to Phillips’ explanation of the events which culminated in the collision between Phillips’ truck and plaintiff’s car.
In addition to the foregoing, one must keep in mind that the traffic ordinances of the City of New Orleans prohibit the operation of trucks where Phillips was driving at the time of the accident. The ordinance prohibiting trucks from that portion of Banks Street where the accident occurred appears intended to prevent accidents resulting from the difficulties inherent in maneuvering large trucks on streets too narrow to accommodate them adequately.
Phillips also testified that he did not check his left side mirror for following traffic until after he began the left turn. Upon seeing the plaintiff approaching, he applied the truck’s brakes, but too late to avoid collision.
Our review of the record fails to reveal any negligent act committed by the plaintiff. Contributory negligence is a defense to a tort suit and it is incumbent upon the defendant to prove that the plaintiff was contributorily negligent. Smith v. Travelers Insurance Company, 430 So.2d 55, 59 (La., 1983), citing Tucker v. Lirette, 400 So.2d 647 (La., 1981). The test for contributory negligence is the same as for primary negligence and is that which falls below the standard to which a person should conform for his own safety and protection, the standard being that of a reasonable person in like circumstances. Davis v. New Orleans Public Belt Railroad, 375 So.2d 395, 397 (La.App. 4th Cir., 1979), corrected on rehearing, citing Pfister v. Phoenix of Hartford Insurance Company, 290 So.2d 362 (La.App. 4th Cir., 1974). We find, in paraphrasing the decision in Smith, supra, that the burden of proving contributory negligence must be. borne by the defendants, but in this case the facts show that not only have the defendants failed to carry that burden, but that the evidence preponderates in favor of *654 plaintiff, and that she has met the tests noted above.
We find that Phillips was entirely at fault. He was driving his truck on a prohibited street. He was operating his truck in an illegal manner by failing to signal a lane change. His giving a left turn signal is highly questionable; nonetheless, his commencement of a left turn across a lane with oncoming traffic and before checking the left side mirror was negligent. Plaintiff failed to observe a turn signal which may not have been given. Even so, her location with respect to the truck when the turn signal was given may have been such that she could not have observed the signal. Plaintiff attempted to pass a truck which turned across her lane of traffic where she, being in the left lane, had the right of way; perhaps the truck driver gave a turn signal but he certainly had no regard concerning the plaintiff’s position. Finally, the defense has not presented anything for the court’s consideration as to why plaintiff should have yielded her right of way. Given this context, we cannot find anything in the record which would support attribution of fault to the plaintiff.
Our finding of fault entirely by Phillips renders moot the necessity for addressing the second issue raised and determining whether the degree of fault attributed to the plaintiff is clearly erroneous.
The third issue that we must consider is whether the total amount of damages determined is clearly erroneous and an abuse of discretion such that revision in accordance with comparable, reasonable and minimum amounts for similar types of damages would be appropriate. Before a court of appeal can disturb an award by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La., 1976); Bender v. Schwegmann Bros. Giant Supermarkets, Inc., 452 So.2d 771 (La.App. 4th Cir., 1984). The jury clearly abuses its discretion when it disregards special proven damages. Riley v. Winn Dixie, Inc., 489 So.2d 931 (La.App. 5th Cir., 1986); Courmier v. Travelers Ins. Co., 486 So.2d 243 (La.App. 3rd Cir., 1986). The adequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration. Boutte v. Hargrove, 290 So.2d 319 (La., 1974); Reck v. Stevens, 373 So.2d 498 (La., 1979). A plaintiff is not entitled to special damages for impairment of earning capacity where her physical ability to continue prior work is not diminished to any significant extent and medical testimony is introduced that she could resume the work she performed during a major part pf her working career. Turner v. Safeco Insurance Company of America, 472 So.2d 43 (La.App. 1st Cir., 1985). Once a clear abuse of discretion by the jury is found, the appellate court may look to prior awards to determine the range of general damages found where injuries are similar to plaintiff’s. Reck, supra; Emerson v. Empire Tire & Marine Insurance Company, 393 So.2d 691 (La., 1981); Riley, supra.
The jury determined that plaintiff’s injuries in the aggregate amounted to $80,-000.00. No schedule of the respective amounts attributable to medical costs, therapy, lost wages, and pain and suffering appears in the record. Plaintiff claims special damages for past and future medical costs, therapy and lost wages. A problem exists with determining the proven medical and therapy costs occasioned by the accident. The defense suggested to the jury that the plaintiff may have previously suffered a back injury and that she does suffer from a chronic degenerative back condition which may contribute to her present problems. In addition, the plaintiff’s weight gain, attributable to the accident, and a contributing factor to her back problem, could very well be largely attributed to a chronic, preexisting condition. Finally, the cost of future medical treatment and therapy does not appear readily ascertainable due to the difficulty presented in determining the degree to which plaintiff's back problem is attributable to the accident as well as what treatment might be appropriate. We do not find that these special damages of medical and therapy costs were *655 proven to the extent that we could find a clear abuse of discretion by the jury.
The problem with determining lost wages lies in the plaintiff’s uneven work history and the general disinclination to do household chores which she demonstrated before sustaining her injuries. These factors serve to mitigate her allegations concerning lost future income. While plaintiff’s counsel presented expert testimony concerning the loss of wages plaintiff has suffered, the assumptions upon which the estimate rests do not accurately reflect the conditions peculiar to plaintiff’s circumstances. The defense also presented credible evidence that plaintiff could continue to do work comparable to that which she performed prior to the accident. Again, we cannot find any evidence of clear abuse of the jury’s discretion with respect to these special damages.
We appreciate the difficult task faced by the jury in determining the amount of damages plaintiff suffered. A review of the record does not reflect any abuse of discretion by the jury. Since we do not find an abuse of discretion, no adjustment of special damages is required and the issue of adjusting general damages is moot.
Costs to the defendants-appellees.
REVERSED IN PART AND AFFIRMED IN PART.