**Rebecca L. HARGER, et al.**

v.

**BURGER KING CORPORATION.**

**Civ. A. No. 89–587–B.**

United States District Court,
M.D. Louisiana.

Feb. 6, 1990.

Ralph E. Hood, Kizer, Hood & Austin and Michael V. Clegg, Powers, Vaughn & Clegg, Baton Rouge, La., for plaintiffs.

J. Forrest Hinton and Alexander M. McIntyre, Jr., McGlinchey, Stafford, Mintz, Celini & Lang, New Orleans, La., for defendant.

### RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

Rebecca L. Harger and Earline Jennings Smith filed this suit in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana against Burger King Corporation ("Burger King") seeking to recover monies allegedly owed to them pursuant to a brokerage agreement. The defendant timely removed this suit to this Court. Plaintiff has now filed a motion to remand.

In February of 1964, Self Service Restaurants of Baton Rouge, Inc., Burger King's predecessor, began leasing property located at 4951 Florida Boulevard, Baton Rouge, Louisiana. Self Service Restaurants agreed to pay the real estate brokers involved in the agreement the greater of $100 per month or 1% of the monthly gross sales generated by the restaurant on the leased premises. The term of the agreement was set forth in the agreement as "during the primary term of the lease and extensions granted thereunder." In 1984, Burger King extended the lease agreement for a second ten year term. However, in July of 1988, Burger King purchased the leased premises thereby terminating the lease contract. Beginning in December of 1988, Burger King discontinued making payments pursuant to the brokerage agreement. It was Burger King's assertion that since the lease terminated, it no longer owed these monthly payments under the terms of the agreement. Plaintiffs, having assumed the interest of the original brokers, have now filed this suit against Burger King seeking a judgment for the sum of the greater of $100 per month or 1% of the monthly gross sales collected by the Florida Boulevard restaurant from December 1, 1988 through February of 1994, the last date of the extended term of the lease. The plaintiffs have now filed a motion to remand the suit back to state court on the ground that the amount in controversy is less than the $50,000 requirement necessary to support jurisdiction under 28 U.S.C. § 1332.

Since Burger King removed the suit to this Court, it bears the burden of demonstrating that this Court has subject matter jurisdiction under § 1332. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187 (5th Cir.1989); *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir.1988); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Since Burger King is as-

serting jurisdiction under § 1332, it must establish that this is a controversy between parties of different states with over $50,000 in dispute. It is uncontroverted that the first requirement is satisfied since the plaintiffs are citizens of Louisiana while the defendant is a citizen of Florida. Thus, the sole issue before the Court is whether the amount in controversy exceeds $50,000 exclusive of interest and costs. The Court finds that Burger King has met its burden. *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Plaintiffs are claiming that monthly payments are owed to them from December 1, 1988 through February 1994. As of this hearing date twelve monthly installments are past due. The plaintiff also seeks a declaratory judgment that the remaining 51 unaccrued installments are owed. The Court must use these figures to quantify the amount in controversy.

Burger King has submitted the affidavit of Thomas E. Kurrikoff taken on September 8, 1989. Mr. Kurrikoff states that he currently serves as market controller for Burger King and formerly worked as senior financial analyst for the corporation. In his affidavit, Mr. Kurrikoff states that he has examined the sales record for store No. 144 at 4951 Florida Boulevard and that this store has generated monthly sales of over $80,000 for the past twenty-four months. Thus, for a substantial period prior to December 1, 1988, plaintiffs were apparently receiving over $800 per month as payment under the agreement. Therefore, the Court will use $800 per month as an average monthly brokerage fee in determining the amount in controversy.

Since twelve months have passed since the defendant stopped making payments on December 1, 1988, the sum of $9,600 is allegedly due for this period. The Court must set a monetary value on the requested declaratory relief for the period through February 1994. The Fifth Circuit set forth the standard for computing this amount in *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983) which this Court followed in *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp.

162 (M.D.La.1985). The Fifth Circuit stated:

> In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Aladdin's Castle, Inc. v. City of Mesquite*, 630 F.2d 1029 (5th Cir.1980). To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.*, 559 F.2d 1019 (5th Cir.1977).

The amount in controversy must be determined by the value of the right to be protected. The plaintiffs are suing Burger King in this case to protect their alleged right to continue receiving monthly payments pursuant to a brokerage agreement until February of 1994. Therefore, the value of the right is the aggregate amount that the plaintiffs are allegedly owed. Using the average monthly fee of $800 for a term of 51 months, the value of the right to be protected is $40,800. Therefore, adding the allegedly past due amounts to the value of this unaccrued right to be protected, the amount in controversy in this matter is at least $50,400 which is in excess of the $50,000 required to support jurisdiction under § 1332.

Therefore, the Court finds that the defendant has satisfied its burden of establishing federal court jurisdiction under 28 U.S.C. § 1332 are satisfied. Hence, plaintiff's motion to remand must be denied.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, Rebecca L. Harger and Earline Jennings Smith, to remand this action to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, is hereby DENIED.