**Robert E. PARTLOW and Delores Partlow, Plaintiffs,**

v.

**JONES MOTOR CO., INC. and Rickey Nelson Davis, Defendants.**

**No. 90–CV–70747–DT.**

United States District Court, E.D. Michigan, S.D.

April 27, 1990.

Michael Bowman, Southfield, Mich., for plaintiffs.

James R. Stegman, Southfield, Mich., for defendants.

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

DUGGAN, District Judge.

Plaintiffs brought this action in the Wayne County (Michigan) Circuit Court to redress injuries sustained in an automobile accident. In part, they allege that, as a result of defendant Davis' negligence (and the imputed negligence of Davis' employer, defendant Jones Motor Co., Inc.), plaintiff, Robert Partlow, "has suffered and continues to suffer ... serious impairment of body function and permanent serious disfigurement...." Complaint, at paragraph 8.[1] Defendant Jones Motor Co., Inc. ("Jones") subsequently removed the lawsuit, invoking this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Plaintiffs presently move for an order of remand contending, essentially, that the amount in controversy requirement of section 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $50,000") is not met. For the reasons given below, their motion to remand is denied.

Consistent with state court practice, plaintiffs' complaint alleges only that damages will exceed the requisite state court jurisdictional amount of $10,000. *See* Michigan Court Rules 2.111(B)(2) (if the amount sought exceeds $10,000, "a specific amount may not be stated"). Consequently, the general rule announced in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), namely, that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith[,]" *id.* at 288, 58 S.Ct. at 590 (footnotes omitted), is not determinative here. Instead, the Court is authorized to " 'make an independent evaluation of the monetary value of the claim[,]' " *Kennard v. Harris Corp.*, 728 F.Supp. 453, 454 (E.D. Mich.1989), quoting *Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. 269, 270 (M.D.La.1986), *provided* defendant Jones satisfies its burden of "informing the Court of the jurisdictional grounds that justify removal." *Cole v. Great Atl. & Pac. Tea Co.*, 728 F.Supp. 1305, 1308 (E.D.Ky.1990), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). *See also Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988) ("[t]he burden of proving the existence of federal court jurisdiction is on the party who removed the action to federal court") (citations omitted). The Court notes that the Michigan State Bar Association's Committee on the U.S. Courts similarly recommends, in a report issued May 5, 1989, that district judges independently evaluate the amount in controversy in borderline cases.

In its brief filed in opposition to plaintiffs' motion, defendant Jones directs the Court's attention to paragraph 8 of plaintiffs' complaint. There, the injuries suffered by (and the treatment given to) plaintiff Robert Partlow are listed as follows:

> That as a direct and proximate result of said collision, Partlow has suffered and continues to suffer serious injuries and serious impairment of body function and permanent serious disfigurement, including but not being limited to cerebral concussion, numerous lacerations requiring plastic surgery, multiple rib fractures, dislocated left wrist, torn meniscus and ligaments of the knee, subcapsular laceration of spleen, periorbital edema, conjunctival hemorrhage, hemothorax, pulmonary contusion, left pleural effusion, fracture of medial wall of right

---

1. *See also* M.C.L.A. 500.3135(1). As explained in *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986),

> [s]ection 3135(1) of Michigan's no-fault automobile insurance law permits a person injured in a motor vehicle accident to recover damages for noneconomic loss from a negligent owner or operator of a motor vehicle only if the person suffered death, serious impairment of body function, or permanent serious disfigurement....

*Id.* at 37, 398 N.W.2d 896 (footnote omitted).

**746**

ethmoidal sinus, sinus problems, severe abrasions to face, scalp, upper extremities, hands and knees, orthopedic problems, scarring, development and/or aggravation of arthritic conditions, pain and suffering, emotional distress, loss of wages and earning capacity, loss of utility and enjoyment of life. Plaintiff's injuries also required emergency surgery and extended hospitalization, insertion of nasogastric tubes, intravenous lines, bladder catheterization and administration of oxygen, medication and therapeutic agents....

Assuming these injuries are accurately described and of the severity plaintiffs represent, the Court agrees with defendant Jones "that this case meets the jurisdictional limit of [section 1332]." Brief in opposition, at p. 4. The Court *cannot* say that it appears to a "legal certainty" that plaintiffs' suit is for less than the requisite jurisdictional amount. See *St. Paul Mercury Indem. Co., supra*, where the United States Supreme Court wrote: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." 303 U.S. at 289, 58 S.Ct. at 590 (footnote omitted). Although *St. Paul* involved an action commenced originally in (as opposed to removed to) federal district court, courts have applied the so-called "legal certainty" test to removed cases as well. *See, e.g. Crenshaw v. Great Cent. Ins. Co.*, 482 F.2d 1255 (8th Cir.1973); *Melkus v. Allstate Ins. Co.*, 503 F.Supp. 842 (E.D.Mich. 1980); *Kennard, supra*, at 455.[2]

In short, the nature of plaintiffs' injuries, as alleged in *their complaint*,[3] satisfies the Court that the amount in controversy exceeds $50,000. Such injuries, moreover, distinguish this case from *Parker v. Lajti*, No. 89–2793 (E.D.Mich.1989) (unpublished decision), upon which plaintiffs rely. There, the cause was remanded to state court. Notably, however, the plaintiff in *Parker* complained only of "soft-tissue injuries", slip op. at p. 1, unlike the extensive injuries plaintiffs detail here.

Accordingly, for the reasons stated above,

IT IS ORDERED that plaintiff's Motion to Remand is DENIED.

---

**2.** Plaintiffs assert that "[i]t is Defendant's burden to demonstrate to a legal certainty that the matter in controversy exceeds $50,000.00." Brief in support of motion, at p. 3. The Court disagrees. As alluded to earlier, defendant Jones bears the burden of articulating facts supporting removal. It is to these facts, *i.e.*, the jurisdictional facts as articulated by Jones, that the "legal certainty" test applies. And, as further alluded to, the Court can remand this matter *only if* it concludes to a legal certainty that plaintiffs' claim is for $50,000 or less. The error in plaintiffs' assertion, then, is more than semantical. Rather than demonstrating that, to a legal certainty, the amount in controversy exceeds $50,000, defendant Jones is obliged to apprise the Court of facts which, if ultimately proven, *may* exceed $50,000. This Jones has done.

**3.** The Court notes that, as an affirmative defense to plaintiffs' complaint, defendant Jones asserts that plaintiffs "have failed to sustain serious impairment of important body function, disfigurement or death." Affirmative Defenses, at paragraph 8. In plaintiffs' view, this assertion is contrary to, and thus undermines, the position defendant takes today. The Court disagrees. Defendant Jones' position today *assumes* that plaintiffs' injuries are of the nature their complaint describes and, on the strength of such assumption, maintains that this Court's jurisdictional limit is satisfied. Faithful application of the legal certainty test requires that the Court make this same assumption as well. That defendant Jones may have earlier denied the severity of plaintiffs' injuries *is not*, in this Court's view, binding for purposes of such test.