**Charles CEDUS, et ux.**

**v.**

**ASPLUNDH TREE EXPERT CO., et al.**

**Civ. A. No. 90-1799.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 20, 1990.

[redacted]

[redacted]

[redacted]

Daniel E. Broussard, Jr., Broussard, Bolton, Halcomb & Vizzier, Alexandria, La., for plaintiffs.

Eugene Joseph Sues, Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Alexandria, La., for intervenor-plaintiff City of Alexandria.

Russell L. Potter, Stafford, Stewart & Potter, Alexandria, La., for defendants.

## RULING

LITTLE, District Judge.

Plaintiff Charles Cedus allegedly injured his back while working in the basket of a bucket truck when the boom holding the bucket collapsed and dropped him some thirty feet onto the top of a parked car. Plaintiff and his wife, Ladonna Strange Cedus, have sued in state court Asplundh Tree Expert Company, Asplundh Manufacturing Division, and Star Dynamics, Inc. for his injuries. Plaintiff Charles Cedus asks for compensation for his medical expenses; physical pain and suffering; mental anguish; humiliation; embarrassment; physical disability and impairment; loss of earnings and earning capacity; and loss of enjoyment. Plaintiff Ladonna Strange Cedus has asked to be compensated for loss of her husband's love, affection, society, companionship, and consortium.

Currently before the court is plaintiffs' motion to remand which was precipitated by defendants' removal action. Federal jurisdiction in the instant suit is based upon diversity of citizenship, and both parties have focused on whether the $50,000 jurisdictional minimum required by 28 U.S.C. § 1332 has been met. The general rule is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961).

This court's task is complicated, however, by the new Louisiana rule that a tort plaintiff's complaint may not pray for a specific dollar amount. La.Code Civ. Proc.Ann. art. 893 (West Supp.1990); *see also* 14A C. Wright & A. Miller, *Federal Practice and Procedure* § 3725 (1985) ("A special difficulty arises when the state in which the federal court is sitting either does not require that the complaint contain a demand for a specific monetary amount, or expressly forbids the inclusion of such a demand, or requires only that more than a certain amount be alleged"). Because plaintiff could not ask for a definite amount, the court must determine whether the genuine amount in controversy exceeds $50,000. Defendant bears the burden of convincing this court "that it does NOT appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount." *Hale v. Billups of Gonzales, Inc.*, 610 F.Supp. 162, 164 (M.D.La. 1985) (emphasis in original); *Harger v. Burger King Corp.*, 729 F.Supp. 1579, 1579 (M.D.La.1990). Further, "[i]n determining the amount in controversy in a case where the plaintiff does not pray for a specific amount the court may look to the petition for removal or make an independent evaluation of the monetary value of the claim." *Smith v. Executive Fund Life Insurance Co.*, 651 F.Supp. 269, 270 (M.D.La.1986); *see also Partlow v. Jones Motor Co., Inc.*, 736 F.Supp. 744, 745 (E.D.Mich.1990) (district court is empowered to "make an independent evaluation of the monetary value of the claim" because Michigan law does

not allow pleading precise amount in controversy).[1]

■ Several Louisiana cases have found back injuries to be worth more than $50,-000. *E.g., Adams v. Phillips,* 506 So.2d 651, 654–55 (La.Ct.App. 4th Cir.1987) (awarding $80,000 as general damages for back injury). This court finds that defendant has met the burden of showing that it is not legally certain that plaintiff will recover less than $50,000. Accordingly, plaintiff's motion to remand this case to state court is DENIED.

---

1. Plaintiff contends that the recent Fifth Circuit decision in *Kliebert v. Upjohn Co.,* 915 F.2d 142 (5th Cir.1990) stands for the proposition that a defendant must show "that the minimum amount plaintiff could recover on his claim was more than the jurisdictional amount of $50,-000." *See* Response to Defendants' Supplemental Memorandum in Opposition to Motion to Remand p. 1. Plaintiffs' reliance on *Kliebert,* however, is misplaced. The basis for the *Kliebert* rule rests upon the notion that a plaintiff's complaint's allegations are entitled to great deference. *Id.* at 145. This consideration does not apply when state law prohibits plaintiffs from including *ad damnum* clauses in their complaint. That is precisely why the *Kliebert* court stated that it would "not decide how this court should treat cases arising under the current Louisiana statute which does not permit the plaintiff to allege any amount in controversy." *Id.* at 147 n. 3.