NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-769

RICKY FONTENOT

VERSUS

LIBERTY MUTUAL FIRE INS. CO., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20101868
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

Keith P. Saltzman
Anderson, Dozier, & Blanda
P. O. Box 82008
Lafayette, LA 70598-2008
(337) 233-3366
COUNSEL FOR PLAINTIFF-APPELLANT:
    Rickey Fontenot

**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
     **Liberty Mutual Fire Ins. Co.**
     **Key Energy Services, Inc.**
     **Key Energy Services, LLC**
     **Quinton Rubin**

**PICKETT, Judge.**

Rickey Fontenot appeals a judgment of the trial court memorializing a jury verdict that awarded him $260,000.00 in damages as a result of a vehicular accident with a truck driven by Quinton Rubin, who was in the course and scope of his employment with Key Energy Services. For the following reasons, we affirm.

## STATEMENT OF THE CASE

Mr. Fontenot was a passenger in a pick-up truck that was involved in a wreck with a Key Energy pick-up truck driven by Mr. Rubin in the course and scope of his employment. The Key Energy truck was insured by Liberty Mutual Fire Insurance Company (Liberty Mutual). Mr. Fontenot alleged his back was injured as a result of the wreck` and filed suit against Liberty Mutual, Key Energy, and Mr. Rubin. The defendants admitted liability, and the matter proceeded to trial on the issues of causation and damages.

After hearing the evidence, a jury awarded Mr. Fontenot $100,000.00 for past medical expenses, $25,000.00 for future medical expenses, $100,000.00 for pain, suffering, and disability, $15,000.00 for past lost wages, and $20,000.00 for future lost wages. The jury awarded nothing for loss of enjoyment of life. The total damage award was $260,000.00. The trial court signed a judgment in conformity with the jury verdict on November 27, 2012. Mr. Fontenot now appeals.

## ASSIGNMENTS OF ERROR

Mr. Fontenot asserts four assignments of error in his appeal:

1. Legal error occurred when the trial judge failed to give any instructions for loss of enjoyment of life and loss of earning capacity.

2.    The jury was clearly erroneous in awarding only $100,000 in past medical expenses and $25,000 in future medical expenses.
    A.    The jury was clearly erroneous in failing to award Mr. Fontenot the total costs of his past medical expenses of $160,547.58.
    B.    The jury was clearly erroneous in failing to award Mr. Fontenot the cost of all uncontradicted future medical treatment.

3.    The jury was clearly erroneous in its award of general damages, which must be increased.
    A.    The jury erred in awarding only $100,000 for pain, suffering, and disability; physical and mental (past, present, and future).
    B.    The jury erred in awarding $0 for loss of enjoyment of life.

4.    The jury was clearly erroneous in awarding only $20,000 in future lost earnings and $15,000 in past lost wages.
    A.    The jury was clearly erroneous in not awarding Mr. Fontenot the cost of all uncontradicted future lost wages.
    B.    The jury award of $15,000 for past lost wages was clearly erroneous.

## DISCUSSION

*Standard of Review*

We review a jury's findings of fact utilizing a manifest error standard. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). After reviewing the record in its entirety, we must find that no reasonable factual basis exists for the jury's finding and that the finding is clearly wrong in order to reverse the jury's award. *Stobart v. State, through Dept. of Transp. and Dev.*, 617 So.2d 880 (La.1993). "[R]easonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Rosell*, 549 So.2d at 844. The causation of a person's injuries is a question of fact reviewed under the manifest error standard. *Housley v. Cerise*, 579 So.2d 973 (La.1991). "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion

2

must be left to the judge or jury." La.Civ.Code art. 2324.1. Whether the jury's award of damages is a factual determination entitled to great deference on review. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104. We will not disturb an award of damages unless we find the jury abused its very great discretion. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065.

### Jury Instructions

In his first assignment of error, Mr. Fontenot claims the judge's instructions to the jury regarding loss of enjoyment of life and loss of earning capacity were deficient. He further argues that these flawed jury instructions prejudiced him and we should set aside the jury's verdict and perform a de novo review of the record. The supreme court discussed appellate review of claims of inadequate jury instructions in *Nicholas v. Allstate Insurance Co.*, 99-2522, pp. 8-9 (La. 8/31/00), 765 So.2d 1017, 1023:

> Louisiana jurisprudence is well established that an appellate court must exercise great restraint before it reverses a jury verdict because of erroneous jury instructions. *Melancon v. Sunshine Const., Inc.*, 97-1167 (La.App. 1 Cir. 5/15/98), 712 So.2d 1011. The basis for this rule of law is that trial courts are given broad discretion in formulating jury instructions and it is well accepted that a trial court judgment will not be reversed so long as the charge correctly states the substance of the law. *United States v. L'Hoste*, 609 F.2d 796, 805 (5 Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980). However, when a jury is erroneously instructed and the error probably contributed to the verdict, an appellate court must set aside the verdict. *Smith v. Travelers Ins. Co.*, 430 So.2d 55 (La.1983). In the assessment of an alleged erroneous jury instruction, it is the duty of the reviewing court to assess such impropriety in light of the entire jury charge to determine if they adequately provide the correct principles of law as applied to the issued [sic] framed in the pleadings and evidence and whether they adequately guided the jury in its deliberation. *Kaplan v. Missouri-Pacific R.R. Co.*, 409 So.2d 298, 304-05 (La.App. 3 Cir.1981). Ultimately, the determinative question is whether the jury instructions misled the jury to the extent that it was prevented from dispensing justice. *Brown v. White*, 405 So.2d 555, 560 (La.App. 4 Cir.1981), *aff'd*, 430 So.2d 16 (La.1982).

3

Mr. Fontenot does not argue that the instructions were incorrect, only that they did not provide enough legal guidance to the jury. He proposed instructions regarding loss of enjoyment of life and loss of earning capacity that the trial court chose not to include in its charge to the jury. These proffered instructions went into further detail about the legal definition of these elements of damages. Both elements were included on the jury verdict form, and while the jury failed to award damages for loss of enjoyment of life, it did award damages for future lost wages. We find nothing in the instructions given to the jury that was so misleading that the jury was prevented from dispensing justice. This assignment of error lacks merit. We will now proceed to address the remaining assignments of error under the manifest error standard of review.

### *Medical Expenses*

In his second assignment of error, Mr. Fontenot argues that the jury erred in awarding only $100,000.00 in past medical expenses, less than the full amount of medical expenses he incurred, and awarding only $25,000.00 in future medical expenses. He alleges that the jury's award of a portion of Mr. Fontenot's medical expenses mandates a finding that the jury was manifestly erroneous by not awarding all the expenses. His argument rests on the assertion that the evidence presented regarding Mr. Fontenot's medical expenses is uncontradicted.

Both of Mr. Fontenot's treating physicians, Drs. Robert Franklin and Louis Blanda, testified at trial. Mr. Fontenot saw Dr. Franklin two weeks after the accident. He complained of severe and constant lower back pain radiating into his legs. He admitted to Dr. Franklin that he had a history of low back pain, but that the pain following the accident was more severe. Dr. Franklin treated Mr. Fontenot conservatively with physical therapy (heating, cooling, and stretching)

that did not include manipulation for fear of aggravating a spinal cord injury. He also prescribed pain medications. While Mr. Fontenot did improve somewhat at the second visit, he had not improved significantly within about five weeks. Dr. Franklin ordered an MRI. Dr. Franklin testified that the MRI showed arthritis or degenerative changes along Mr. Fontenot's lumbar spine and a disc bulge at the L5-S1 level. Dr. Franklin attributed Mr. Fontenot's pain to the accident.

On cross-examination, Dr. Franklin admitted that Mr. Fontenot reported he suffered back pain for over two years before the accident. He also explained that the MRI results showing degenerative changes in his back, including bone spurs, would potentially be painful. These degenerative changes would have been present before the accident.

Dr. Blanda testified that he first saw Mr. Fontenot on June 18, 2009, three months after the accident. Dr. Blanda diagnosed a herniated disc at L5-S1, and nerve root irritation at the L-5 root. He ordered epidural steroid injections, which Mr. Fontenot received September 29, 2009, and December 3, 2009. Dr. Blanda testified these injections provided relief for Mr. Fontenot, as he was feeling better at appointments on March 9, 2010, and June 10, 2010. His progress seemed to end when Mr. Fontenot called Dr. Blanda's office on October 25, 2010, to get his next appointment moved up because of increased pain. Dr. Blanda scheduled an MRI because of Mr. Fontenot's complaints. That MRI showed a large herniated disc at L5-S1, and Dr. Blanda recommended spinal fusion surgery. The results of the second MRI indicated a worsening of Mr. Fontenot's condition from the MRI report from the first MRI. After Mr. Fontenot consulted Dr. Neil Romero for a second opinion, Dr. Blanda performed surgery on Mr. Fontenot on April 11, 2011.

Dr. Blanda attributed Mr. Fontenot's back pain and his need for surgery to the March 23, 2009 accident.

When asked about the differing accounts of the accident he gave to the doctors, in his deposition, and at the trial, Mr. Fontenot stated, "I'm just telling you I don't remember all the things I told people." One of the major issues with the case presented to the jury by Mr. Fontenot was Mr. Fontenot's inability to remember or to be able to explain such inconsistencies. Thus, there was a reasonable basis in the record for the jury to find that Mr. Fontenot lacked credibility, not only about the extent of the accident, but about his previous back injuries and the pain he dealt with before the accident.

The defendants argue that while they did not introduce any witnesses to contradict Mr. Fontenot's doctor's testimony, they did refute the assertion that the accident was the cause of Mr. Fontenot's back pain and need for surgery. They point to Mr. Fontenot's differing versions of how the accident happened, and exaggerations about the severity of the collision. They allege that they pointed out to the jury that Mr. Fontenot suffered with arthritis in his back before the accident, as evidenced by the MRIs. They point to the supreme court's opinion in *Guillory*, 16 So.3d at 1124, particularly this statement:

> It is well-settled that a tortfeasor takes his victim as he finds him and when a defendant's tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation. *Lasha v. Olin Corp.*, 625 So.2d 1002, 1005-1006 (La.1993). The plaintiff, however, is required to establish a causal link between the tortious conduct and the aggravation of the preexisting condition. The test to determine if that burden has been met is whether the plaintiff proved through medical testimony that it is more likely than not that the subsequent injuries were caused by the accident. *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 and 94-2615, p. 3 (La.2/20/95), 650 So.2d 757, 759.

In *Guillory*, the supreme court reversed a panel of this court and reinstated a jury's verdict which awarded $40,000.00 for past medical expenses for aggravation of a pre-existing condition. This court had awarded $98,272.32 in past medical expenses, the full amount proved by the plaintiff at trial. The supreme court found that a reasonable factual basis existed for the jury's award of less than the entirety of the medical bills. Considering all the evidence presented to the jury, we find that the jury in our case had a reasonable factual basis to award Mr. Fontenot less than the full amount of damages, and its verdict is, therefore, not clearly wrong.

To recover future medical expenses, the plaintiff must show, more probably than not, that he will be required to incur expenses after trial. *Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996. Future medical expenses must be established with some degree of certainty. *Highlands Ins. Co. v. Missouri Pacific R. Co.*, 532 So.2d 317, 324 (La.App. 3 Cir.1988), *judgment affirmed sub nom. Lee v. Missouri Pacific R. Co.*, 540 So.2d 287 (La.1989). Future medical expenses are by their nature speculative and cannot be determined with mathematical certainty. *Id*.

Mr. Fontenot's argument that the amount should be increased to $210,896.00 rests on the assumption that some tests that the doctors said may be necessary, such as regular MRIs, physical therapy, and narcotics, were proven with certainty. We disagree. The jury could have determined, based on the testimony presented, that some of the treatment sought was speculative and may not be necessary. Their award of $25,000.00 is reasonable and not an abuse of the vast discretion afforded to the finder of fact. This assignment of error lacks merit.

*General Damage Awards*

In his third assignment of error, Mr. Fontenot claims the awards for general damages and loss of enjoyment of life were abusively low. The jury awarded $100,000.00 for general damages but did not award any damages for loss of enjoyment of life. Mr. Fontenot's testimony, particularly on cross examination, was riddled with inconsistencies, even about his home address. We find the jury's award of general damages is consistent with the medical damages awarded. Considering that Mr. Fontenot was a fifty-year-old man with chronic back pain who suffered an aggravation of his condition which required surgery, we find the jury's award for pain and suffering reasonable. We will not reverse that finding.

As for loss of enjoyment of life, Mr. Fontenot testified that he is unable to play basketball and fix cars after his accident. His sister, Ms. Joann Broussard, testified that Mr. Fontenot was unable to attend a niece's funeral in Houston because he could not ride in the car for that long. The evidence presented to support this claim was limited. As mentioned, it was reasonable for the jury to discredit much of Mr. Fontenot's testimony. We find no error in the jury's finding that Mr. Fontenot did not prove that he was entitled to damages for loss of enjoyment of life.

*Past and Future Lost Wages*

In his final assignment of error, Mr. Fontenot argues that the jury erred in awarding only $10,000.00 for past lost wages and $20,000.00 for future lost wages. Mr. Fontenot is a functionally illiterate fifty-four-year-old man with a felony conviction who, after the accident, was only capable of performing light-duty work. The jury heard evidence from a Stan McNabb, a vocational rehabilitation specialist, who testified that Mr. Fontenot was capable of earning over $44,000.00

per year. But the jury also heard evidence that Mr. Fontenot had not filed tax returns for the past seven years. At the time he was in the accident, he was either unemployed or earning $250.00 in cash per week. The evidence of his recent work history was unconvincing. Since 2000, Mr. Fontenot was able to prove that the most he made in any one year was $27,516.00 in 2007. He made $5,171.00 in 2005, had no evidence of income in 2006, and allegedly made $12,000.00 in cash working for a trucking company as a helper in 2008. It was reasonable for the jury to reject the expert testimony of Mr. McNabb given the limited work history of Mr. Fontenot before the accident. We find the amounts the jury awarded for past and future lost wages reasonable. This assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Rickey Fontenot.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.