**Nellie M. MASON, Administratrix of the Estate of Jack Winston Mason, Deceased, and Nellie M. Mason, individually, Plaintiff,**

v.

**MARATHON OIL COMPANY, a corporation, Defendant.**

**Civ. No. 81–3128.**

United States District Court, S. D. Illinois.

Sept. 14, 1981.

Rex Carr, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for plaintiff.

John P. Ewart, Craig & Craig, Mattoon, Ill., for defendant.

### ORDER

FOREMAN, Chief Judge:

Before the Court is the Motion to Remand of plaintiff Nellie Mason. It is agreed by the parties that the petition was not filed in this Court within thirty (30) days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based as required by 28 U.S.C. § 1446. However, defendant argues that its thirty day period for removal commenced with the ruling by the state court on defendant's Motion for Transfer of Venue in which defendant sought a transfer of venue from Madison County to Crawford County, Illinois. Since 28 U.S.C. § 1446(a) requires removal to the court in the district and division in which an action is pending, and since Crawford County and Madison County are in different divisions of the Southern District, defendant argues that it could not remove the case until it was aware of the proper division of the Southern District to which the case should be removed.

Defendant's argument is without merit. At the time defendant received the initial pleading in state court, the case could have been removed as suggested by § 1441(a) "to the district court of the United States for the district and division embracing the place where such action is pending." This provision means that if the case were otherwise removable, it should be removed to the proper district and division. There is absolutely nothing to suggest that state court defendants with a case which qualifies for removal within the thirty day period must wait for a state court decision which will tell them which division in the district is the proper place for removal. If, as the cases state, the purpose of allowing a thirty day period in which to remove the case is to give the defendant time to assess the case and decide whether it would rather defend in federal court than in state court, there is no apparent reason to extend this period to allow defendant to attempt to maneuver itself into one or another division of the very same federal court. More fundamentally, there are no divisions in the Southern District for purposes of removal. The "divisions" set forth in Local Rule 18 are administrative only and for the convenience of the Court. Section 93 of the Judicial Code, 28 U.S.C. § 93, shows that while the Northern District of Illinois is comprised of two divisions, *see* 28 U.S.C. § 93(a)(1) and (2), the Southern District has no divisions under the statute. Since Local Rule 18 provides that cases removed from state court shall be removed in accordance with 28 U.S.C. § 1441, and there are no statutory divisions in the Southern District of Illinois, the case should have been removed within thirty days of the date of notice to defendant of the state court action.

Accordingly, the Motion to Remand is hereby GRANTED, and the case is hereby REMANDED to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

IT IS SO ORDERED.