**KANTER & EISENBERG, a partnership, Plaintiff,**

v.

**MADISON ASSOCIATES, a general partnership, and Hines Chicago Associates, Ltd., a limited partnership, Defendants.**

**No. 84 C 8703.**

United States District Court,
N.D. Illinois, E.D.

Feb. 19, 1985.

Richard W. Hillsberg, Bruce L. Wald, Tishler & Wald, Ltd., Chicago, Ill., for plaintiff.

David M. Stahl, Donald C. Clark, Jr., Irene B. Cramer, Isham, Lincoln & Beale, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

The plaintiff, Kanter & Eisenberg, a partnership, ("Kanter") filed this suit against defendants, Madison Associates, a general partnership, and Hines Chicago Associates, Limited, a limited partnership in the Circuit Court of Cook County, Illinois, alleging breach of contract, common law fraud, misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Ill.Rev.Stat., ch. 121½, § 261 *et seq.* Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Before the Court is plaintiff's motion to remand to the state court. For the reasons stated below, plaintiff's motion to remand is granted.

## I. FACTS

On May 23, 1984, Kanter filed a complaint against defendants alleging breach of contract, common law fraud, misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat., ch. 121½, § 261 *et seq.* Although the state court complaint did not allege the citizenship of the parties (as a matter of general practice state courts do not require allegations of the citizenship of the parties in their complaints), Kanter identified itself in its complaint as "a law partnership leasing the 22nd floor of Three First National Plaza, Chicago, Illinois 60602." Complaint ¶ 1. The complaint identified defendant Madison Associates as "the landlord of the premises" and defendant Chicago Associates, Ltd. as "the managing partner of the landlord." Complaint ¶s 2–3.

In the defendants' removal petition, however, Madison alleges that it is a Texas general partnership with one of its partners· a Delaware corporation with its principal place of business in New York. Verified Petition for Removal ¶ 4. Hines Chica-

go Associates, Ltd. alleges to be a Texas limited partnership with its partners citizens of Texas and Louisiana. Verified Petition for Removal ¶ 5. For purposes of diversity jurisdiction, therefore, the defendants are citizens of Delaware, New York, Texas, and Louisiana.

This action by Kanter is based upon breach of contract, fraud, and misrepresentation brought by Kanter, as tenants of Three First National Plaza, against the defendants. The dispute involves computation of the "initial basic cost" clause and other representations made by the defendants which were allegedly not contained in Kanter's lease. Two additional suits have been brought in the state court against defendants by other tenants of Three First National Plaza. The first action was filed on March 23, 1984 by Hayes/Joyce and Company. The second was filed by Bell, Boyd & Lloyd on April 27, 1984, after it was granted leave to intervene in the Hayes/Joyce lawsuit. On May 7, 1984, Kanter filed a petition for leave to intervene in the Hayes/Joyce action. Circuit Court Judge David J. Shields granted Kanter leave to intervene for purposes of discovery and other pre-trial proceedings on May 23, 1984.

The defendants filed their answer to Kanter's complaint on July 5, 1984. The defendants then proceeded with discovery and other pre-trial proceedings involving all three suits. The defendants have also been involved for several months in proceedings conducted in the state court regarding Bell, Boyd & Lloyd's motion for a preliminary injunction.

On October 9, 1984, the defendants filed a petition for removal of this case pursuant to 28 U.S.C. § 1441 *et seq.* The petition relies on diversity of citizenship of the parties as grounds for removal and contains allegations of Kanter's citizenship allegedly first learned by defendants on October 1, 1984 at a deposition of one of Kanter's partners, Marshall E. Eisenberg.

On November 8, 1984, Kanter filed a motion for remand stating that defendants' petition for removal is untimely under 28 U.S.C. § 1446(b) which provides, in part, that a removal petition must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." *Id.* Defendants, however, argue that it is the second paragraph of § 1446(b) that determines when the thirty days for removal begins to run in this case. That section provides:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended complaint, pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(2).

## II. DISCUSSION

The procedure for removal is set out in 28 U.S.C. § 1446(a), and requires defendants seeking removal to file "a verified petition containing a short and plain statement of the facts which entitle him ... to removal...." *Id.* Subsection (b) sets out the time period in which the defendants' petition to remove a case from state court must be filed. Kanter cites the first paragraph of § 1446(b), arguing that the case was removable on the initial pleading and therefore defendants' petition for removal was untimely since the petition for removal was not filed until October 9, 1984, more than five months after Madison received a copy of Kanter's complaint. Defendants admit that their petition was not filed within thirty days of service. Defendants, however, invoke the second paragraph of § 1446(b) and argue that the deposition of Marshall E. Eisenberg on October 1, 1984 was the first time they could have known of Kanter's citizenship and thus the diversity of citizenship upon which federal jurisdiction is based. Defendants therefore argue that their petition was timely since it was filed only eight days after learning of the diversity jurisdiction.

This case falls between the two clear cut situations addressed by § 1446(b). The first paragraph covers cases that are initially removable based upon the allegations in the complaint. The second paragraph covers cases that are not initially removable. A third situation, however, exists which involves cases that are indeterminate, i.e., they do not supply on the face of the complaint sufficient information to determine whether or not federal jurisdiction exists. The question presented is which paragraph of § 1446(b) applies to this third category of cases in which the initial pleading does not, on its face, provide the necessary information for removal.

In *Kaneshiro v. North Am. Co. for Life & Health*, 496 F.Supp. 452 (Hawaii, 1980), the plaintiff brought suit against the defendant insurer in Hawaii state court for breach of an insurance contract. The defendant removed the case to the U.S. District Court for the District of Hawaii. The plaintiff then filed a motion for remand stating that defendant's motion was untimely. The court held that since the plaintiff's allegation of his Hawaiian residency was "a clue" to his citizenship, the defendant's petition for removal was untimely because it was not filed within 30 days of its receipt of the initial pleading. The court held that the defendant's petition was untimely, notwithstanding the fact that the plaintiff's state court complaint did not indicate on its face all of the elements necessary for federal diversity jurisdiction. Under *Kaneshiro*, a duty is placed on the defendant desiring removal to scrutinize the plaintiff's initial pleading unless the complaint provides "no clue" from which plaintiff's citizenship can be ascertained.

In the present case, Kanter's complaint clearly provided "a clue" to Kanter's citizenship by alleging its address in the first paragraph of the complaint. Defendants obviously knew their own citizenship is other than Illinois. The defendant also knew that Kanter is a law partnership practicing in Chicago, Illinois. Complaint, ¶ 1. Additionally, it would have been a simple matter for defendant's counsel to call Kanter's counsel and ask whether all of the plaintiff's partners were citizens of Illinois. The plaintiff's address provided by the complaint plus a phone call would have resolved all doubts concerning whether diversity jurisdiction existed at the time the complaint was filed. Since the case was removable on its facts, even though not upon the face of the complaint, the first paragraph of § 1446(b) should apply to defendants' petition for removal. Under § 1446(b)(1) the defendants' petition for removal was untimely because it was not filed within thirty days of their receipt of the initial pleading. Therefore, Kanter's petition for remand must be granted.

### III. CONCLUSION

For the foregoing reasons, this Court grants plaintiff's motion for remand to the Circuit Court of Cook County. Costs under 28 U.S.C. § 1446(d) shall be determined by the State Court.

IT IS SO ORDERED.