**NICHOLSTONE COMPANIES, INC.**

**v.**

**ECAM PUBLICATIONS, INC.**

No. 3–90–0396.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 29, 1990.

Richard Lodge, Barbara Rose, Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

Lewis H. Conner, Jr., Steven L. Gill, Boult, Cummings, Conners & Berry, Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court are the plaintiff's motion to remand this action to the Chancery Court for the Twentieth Judicial District of the State of Tennessee at Nashville and the plaintiff's motion to file oversized documents. Also pending before the Court are the defendant's motions to dismiss and to vacate the protective order granted by the Chancery Court prior to removal of the case.

## FACTS

The plaintiff filed the present action in state court on February 22, 1990 and the defendant was served on March 5, 1990. On March 12, 1990, the plaintiff filed an amended complaint adding Connecticut Printers. On May 2, 1990, the plaintiff dismissed Connecticut Printers. On May 8, 1990 the defendant removed the action to this Court.

## DISCUSSION

The plaintiff moves the Court to remand this action to the Chancery Court pursuant to 28 U.S.C. § 1447(c) because the defendant allegedly did not remove the case within the time period allowed by statute.

The plaintiff's motion is based upon 28 U.S.C. § 1446(b) which provides in relevant part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.
>
> . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable ...

The plaintiff contends that the case was "removable" when the defendant was served on March 5, 1990, and that 28 U.S.C. § 1446(b) requires, if the case was to be removed, that the defendant remove the case "within thirty days of the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ..." The plaintiff argues that since the thirty day time limit began on March 5, 1990 and ran on April 5, 1990, that the defendant failed to comply with the mandatory terms of 28 U.S.C. § 1446(b) when the defendant removed the case May 8, 1990.

The present case, where an initially pleaded action is "removable," but shortly thereafter becomes a "non-removable" action, was apparently not foreseen by the drafters of 28 U.S.C. § 1446(b).

The drafters of § 1446(b) intended for defendants to be given an adequate amount of time in which to file a notice of removal. The revision notes to the 1948 Act demonstrate that an adequate time was twenty days. This twenty day time period has subsequently been extended to thirty days. In the present case, the defendants would have had only seven days in which to file their notice of removal. A seven day period in which to file a notice of removal is not adequate.

To demonstrate the unreasonableness of the plaintiff's proposed application of § 1446(b) it is only necessary to see that under the plaintiff's reasoning it is quite possible that a defendant would only have one day in which to file a notice of appeal. Consider the following hypothetical case:

Plaintiff A serves defendant B on January 1. As of January 1, the case is

removable to federal court under diversity jurisdiction, thus the 30 day time period of 28 U.S.C. § 1447 begins to tick. On January 2, plaintiff A amends the complaint to name defendant C and serves defendant B. As of January 2, the case is no longer removable because plaintiff A and defendant C are citizens of the same state, but the thirty day time period is still ticking. On January 31, the 30 day time period runs. On February 1, plaintiff A dismisses defendant C, and the case is again "removable" because diversity of citizenship is re-established.

In this hypothetical case defendant B, absent fraudulent joinder, has been effectively precluded from filing a notice of removal. The only time at which defendant B could have filed a notice of removal was on the day defendant B was served. The drafters of § 1446 no more intended that a defendant be required to file a notice of removal within seven days than they intended that the plaintiff be required to file on the day the complaint was served.

28 U.S.C. § 1446(b) should be interpreted to provide the defendant an adequate amount of time to file a notice of removal when an initial pleading is "removable," but becomes "non-removable" prior to the running of the time period allotted for the defendant to file a notice of removal. An adequate amount of time is thirty days— the time generally allotted in § 1446(b) for the filing of a notice of removal.

The plaintiff dismissed defendant Connecticut Printers on May 8, 1990, thus re-creating diversity of citizenship. The defendant filed a notice of removal four days later on May 12, 1990. The defendant thus filed the notice of removal within the time period contemplated by the drafters of 28 U.S.C. § 1446(b).

The plaintiff's motion to remand is DENIED.

The plaintiff's motion to file oversized documents is GRANTED.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) (Supp.1986), and Rules 302 and 303 of the Local Rules Governing Proceedings Before Magistrates, the case is referred to the Magistrate for consideration of the plaintiff's motions to vacate discovery and for expedited discovery, the defendant's motion to dismiss, and any other pretrial matters arising in this case.

An Order will be entered simultaneously with this Memorandum.