Edgar K. ROBERSON, et al., Plaintiffs,

v.

ORKIN EXTERMINATING COMPANY, INC., et al., Defendants.

No. S91–331M.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 16, 1991.

Thomas M. Barr, Nashville, Ind., Jim Brugh, Logansport, Ind., for plaintiffs.

Andrew C. Charnstrom, Andrea L. Cohen, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiffs Edgar and Mary Roberson object to the defendant's notice of removal and move for remand. The court held a telephonic hearing on these matters on August 13, 1991 and now, for the reasons that follow, finds that the case must be remanded because it was removed too late.

### I.

On September 18, 1990, the Robersons filed their complaint for damages for breach of contract against defendants Orkin Exterminating Company, Inc. ("Orkin") and Orkin Exterminators ("Exterminators") in the Cass Circuit Court, Cass County, Indiana. The Robersons seek both compensatory and punitive damages; because

Indiana practice forbids a prayer for a specific award in the complaint, IND.TR.R. 8(A), the complaint seeks an unspecified amount. The complaint alleges that the "Plaintiffs are husband and wife, and at all times relevant hereto have resided at Rural Route 4, Box 270A, Logansport, Cass County, Indiana"; that Orkin is a Delaware corporation with its principal place of business in Atlanta, Georgia and doing business in Indiana; and that Exterminators is a "licensed Orkin dealership with its principal place of business in Kokomo, Howard County, Indiana."

Both defendants received service of the Robersons' complaint on September 21, 1990 and appeared by counsel on October 15, 1990.

On July 16, 1991, Orkin filed its notice of removal in this court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking original federal jurisdiction under 28 U.S.C. § 1332. In its notice, Orkin states that it first became aware that the plaintiffs were citizens of Indiana and that the amount in controversy exceeded $50,000.00 when the Robersons served their responses to interrogatories on June 17, 1991. Orkin contends, therefore, that its notice for removal has been timely filed within the thirty-day period proscribed by 28 U.S.C. § 1446(b), computing that period from its receipt of the plaintiffs' responses to interrogatories.

The Robersons object to removal on procedural grounds. They concede that this case could have been brought in federal court based on diversity jurisdiction, but argue that Orkin failed to remove the case at the appropriate time. The Robersons argue that it is clear from the face of their complaint that diversity jurisdiction existed in that:

(a) the first paragraph alleges that Plaintiffs "at all times relevant hereto have resided at RR # 4, Box 270A, Logansport, Cass County, Indiana";

(b) the second paragraph alleges that Defendant Orkin Exterminating Company is a Delaware Corporation doing business in the State of Indiana, with its principal headquarters in Atlanta, Georgia;

(c) the fourth paragraph alleges the formation of a contract between Plaintiffs and Defendants occurring on or about the 12th day of May, 1986, which would indicate, in combination with the first paragraph, that Plaintiffs had resided in Logansport, Indiana for at least four years and four months as of the date of the filing of their Complaint;

(d) the twelfth paragraph alleges, in regard to damages to the Defendants' home "that the structure is beyond repair, and Plaintiffs only recourse is to demolish the home and to rebuild", and the thirteenth paragraph seeks the imposition of punitive damages against the Defendants.

Accordingly, the Robersons assert that Orkin was on notice that this action could be brought as a diversity case in federal court when served with the complaint and that Orkin's failure to file its notice of removal within thirty days of service bars removal at this juncture.

## II.

■ Before addressing the plaintiffs' objection and motion for remand, the court must consider an issue not directly raised by either party, but central to the viability of removal. Exterminators is a purported Indiana resident-defendant to this action. Orkin states that no such entity exists and that the Robersons have agreed to the dismissal of that defendant, but that dismissal has not yet occurred. Rather, when this cause was removed to this court, Orkin and Exterminators both were named as defendants.

Exterminators' presence as a defendant in this action would bar removal for two reasons. First, since both plaintiffs are Indiana residents, Exterminators' presence as a defendant would defeat diversity of citizenship if Exterminators is an Indiana resident as. alleged. 28 U.S.C. § 1332. Second, Exterminators has not joined in the notice of removal as required of all named defendants under 28 U.S.C. § 1441. *Keller v. Honeywell Protective Services*, 742 F.Supp. 425 (N.D.Ohio 1990); *Santa Rosa Medical Center, Inc. v. Converse of Puer-*

*to Rico, Inc.,* 706 F.Supp. 111 (D.P.R.1988); *Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19 (D.Mass.1988).

Remand on this ground alone would disserve the parties and the two courts involved. This impediment to removal is easily cured following remand. A plaintiff's dismissal of a non-diverse defendant named in the original pleading ordinarily creates jurisdiction for removal. *Nicholstone Cos. v. Ecam Publications, Inc.,* 742 F.Supp. 432 (M.D.Tenn.1990); *Mike Silverman & Associates v. Drai,* 659 F.Supp. 741 (C.D.Cal.1987). Orkin then could remove the action anew. *Wilson v. General Motors Corp.,* 888 F.2d 779, 782 (11th Cir. 1989); *Bryant v. Ford Motor Co.,* 844 F.2d 602 (9th Cir.1987) (en banc), *cert. denied,* 488 U.S. 986, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988). The parties have not argued this objection to removal, and the principal issues would remain upon the renewed removal. Because those issues foreclose this removal, as well as subsequent removals, the court turns to the issues argued by the parties.

## III.

Section 1441 of Title 28 of the United States Code authorizes removal of state court cases that could have been brought originally in a federal court. That section provides in part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The procedure for removal of a state action to federal court is set forth in 28 U.S.C. § 1446.

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such a defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446.

 The fundamental principle of the general removal statute is that the time limitation on seeking removal begins to run when the defendant receives notice of the action, not when the action commences. *Wilson v. General Motors Corp.,* 888 F.2d at 781; *Ortiz v. General Motors Acceptance Corp.,* 583 F.Supp. 526 (N.D.Ill.1984); *Bobbin Publications, Inc. v. Klingenberg,* 525 F.Supp. 245 (D.S.C.1981). The time limits in § 1446, while not jurisdictional, are mandatory; failure to comply with those limits bars removal. *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270 (7th Cir.1982); *Royal v. State Farm Fire & Casualty Co.,* 685 F.2d 124 (5th Cir.1982).

The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how

he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir.), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982).

A federal court cannot extend the time limit for filing a notice of removal. *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982); *Mason v. Marathon Oil Co.,* 521 F.Supp. 1012 (S.D.Ill. 1981). Several courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant. *Lewis v. Louisville & Nashville R.R. Co.,* 758 F.2d 219 (7th Cir.1985); *Marion Corp. v. Lloyds Bank, PLC,* 738 F.Supp. 1377 (S.D.Ala.1990); *Shadley v. Miller,* 733 F.Supp. 54 (E.D.Mich.1990).

■ The burden of proof is on the petitioning defendant to establish its statutory right to removal. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660 (7th Cir. 1976); *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir.1989); *Kennedy v. Commercial Carriers, Inc.,* 739 F.Supp. 406 (N.D.Ill.1990). Moreover, the defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction. *Kanter & Eisenberg v. Madison Associates,* 602 F.Supp. 798 (N.D.Ill.1985).

Orkin contends that the plaintiffs' June 17 responses to interrogatories constituted the "other paper" under § 1446(b) from which the defendant was placed on notice that diversity jurisdiction existed in this action. Orkin argues that the initial complaint specifies neither that the Robersons are citizens of Indiana nor a stated amount in controversy. Based on these alleged omissions, Orkin argues that it could not ascertain that this action could have been removed to federal court upon receipt of the complaint. Orkin states that its earliest knowledge of its right to seek removal was on June 17 and, accordingly, its July 16 filing of a notice of removal was within the thirty-day statutory period. As noted above, Orkin bears the burden of justifying these positions and its right to removal.

■ Orkin is correct that interrogatory answers may constitute the "other paper" under § 1446 necessary to give notice that an action has become removable. *Smith v. International Harvester Co.,* 621 F.Supp. 1005 (D.Nev.1985). More specifically, though, § 1446(b) contemplates new facts that become of record in some new pleading or paper and alter earlier encumbrances to removal. *Nolan v. Boeing Co.,* 715 F.Supp. 152 (E.D.La.1989); *T & M Dental Lab, Inc. v. First Industrial Bank,* 714 F.Supp. 798 (E.D.La.1989).

■ The June 17 responses provided no new facts with respect to the parties' citizenship. The Robersons' complaint stated that they resided in Indiana; their responses to Orkin's questions merely confirmed that fact. Accordingly, upon receipt of the complaint in this cause, Orkin was on notice that the plaintiffs were residents of a state different than their own. The court agrees with Orkin that residency is not the same thing as citizenship, but as noted before, a defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction, and the allegations of residency provided ample clues to Orkin. *See Kanter & Eisenberg v. Madison Associates,* 602 F.Supp. at 801.

Whether the Robersons' complaint satisfies the second requirement for diversity jurisdiction is not as clear from the complaint's language. The Robersons seek damages to compensate them for the demolishing and rebuilding of their home, as well as punitive damages for the defendants' alleged breach of contract, but no specific dollar amounts are given. Orkin maintains that it did not learn until the Robersons answered interrogatories that the Robersons estimated their actual damages to be $45,000–$50,000.

■ The thirty-day period under § 1446 begins to run when a defendant is able

reasonably and intelligently to conclude from the pleadings and other papers that the amount in controversy exceeds the jurisdictional minimum. *Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. 269 (M.D.La.1986). Some courts have held that a defendant's failure to ascertain the amount in controversy, from a pleading that is silent on that issue, bars a petition for removal after the thirty-day period has expired. *Turner v. Wilson Foods Corp.*, 711 F.Supp. 624 (N.D.Ga.1989); *Richman v. Zimmer, Inc.*, 644 F.Supp. 540 (S.D.Fla. 1986); *Kaneshiro v. North American Co. for Life and Health Insurance*, 496 F.Supp. 452 (D.Haw.1980). However, those cases were personal injury actions in which the plaintiff alleged severe injuries along with pain and suffering; those cases held that where the complaint alleged serious permanent injuries, substantial medical expenses, and great pain and suffering, the defendant was placed on notice and should have filed its petition for removal within the statutory thirty-day period. *Turner v. Wilson Foods Corp.*, 711 F.Supp. at 626; *Richman v. Zimmer, Inc.*, 644 F.Supp. at 542; *see also Estevez–Gonzalez v. Kraft, Inc.*, 606 F.Supp. 127 (S.D.Fla.1985); *Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244 (S.D.Fla.1982); *Lee v. Altamil Corp.*, 457 F.Supp. 979 (M.D.Fla.1978). Moreover, a $10,000.00 jurisdictional minimum governed all of the cited cases. The present jurisdictional minimum of $50,-000.00 might be more difficult to infer from a silent complaint.

■ Accordingly, the court agrees with Orkin that the complaint did not apprise it of the amount in controversy sufficiently to trigger the clock of § 1446(b). Although more than enough information was provided as to diversity of citizenship, only a guess would support the presence of the jurisdictional amount. As one court has held, "In most cases in which the plaintiff does not pray for a specific amount, it is unreasonable to expect the defendant to calculate with any amount of certainty the claims of the plaintiff." *Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. at 271. Indeed, "under 28 U.S.C. § 1446(b), the question is not whether the initial pleading discloses the potential for removal but whether it discloses that the case is not removable." *Knudsen v. Samuels*, 715 F.Supp. 1505, 1507 (D.Kan.1989).

The court cannot, however, agree with Orkin that its first adequate notice of the amount of the claim came in the June answers to interrogatories. The state court record, delivered to this court pursuant to the removal petition, indicates that on March 22, the Robersons filed a proposed pretrial order that included the following:

6. *Settlement.* On December 28, 1990 Defendants' [sic] made a written offer to settle Plaintiffs' claim by agreeing to refund approximately $700 previously paid by Plaintiffs for Orkin's termite control services, repairing the termite damage according to a quotation obtained by Defendants from Shepherd Construction of Mooresville, Indiana ($1,800.00), and the payment of an additional $1,000 for general damages. Plaintiffs have rejected that offer for the reason that the contractors whom they have consulted, and have inspected Plaintiffs' home, are of the opinion that the home is not repairable, and have estimated the cost of demolition and replacement at between $43,000 and $55,800....

7. *Plaintiffs' Contentions....* Plaintiffs are elderly people living on fixed incomes, and this is their only home. They feel that Orkin has not dealt with them in good faith. Therefore, Plaintiffs are demanding punitive as well as compensatory damages.

Accordingly, as of March 22, Orkin knew that the plaintiffs computed their cost of replacement at between $43,000.00 and $55,800.00. Even if the lower figure is used, Orkin would have had to conclude that the plaintiffs sought punitive damages of at most $7,000.00, a conclusion that blinks the reality of contemporary litigation.

■ At oral argument, Orkin maintained that replacement cost would not be the proper measure of damages under Indiana law. Jurisdiction under § 1332, however, is based on the amount of the plaintiffs' claim, not its viability, unless it can be said to a legal certainty that the

1330

claim is insufficient to achieve the jurisdictional requirement. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

The court has reviewed the cases upon which Orkin relies, but finds none sufficiently similar to be persuasive. The Roberson's proposed pretrial order was filed with the state court, distinguishing it from the correspondence between counsel deemed inadequate in *Bonnell v. Seaboard Air Line R.R. Co.*, 202 F.Supp. 53 (N.D.Fla.1962). Orkin does not contend that it was unaware of the Robersons' proposed pretrial order, a circumstance of importance in *Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal.1973). Unlike *Ellis v. Logan Co.*, 543 F.Supp. 586 (W.D.Ky.1982), the Robersons' claims did not lie beyond the jurisdiction of the state court. Unlike *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582 (D.Mont.1981), Orkin had a basis for knowing that the plaintiffs' claim exceeded $50,000.00. Unlike *Smith v. International Harvester Co.*, 621 F.Supp. 1005 (D.Nev.1985), the information Orkin received on March 22 did not anticipate further action by the Robersons to render the case removable. Finally, unlike *Riggs v. Continental Baking Co.*, 678 F.Supp. 236 (N.D.Cal.1988), Orkin did not remove the case within thirty days after learning of the existence of the final requirement for removability.

■ Orkin knew on or shortly after March 22 that the amount in controversy likely exceeded $50,000.00 and knew enough about the plaintiffs' and its citizenship to indicate removability. The presence of alleged Indiana resident Orkin Exterminators cannot be deemed to have tolled the time for removal beyond that point; Orkin and Exterminators were represented by the same counsel, and so cannot contend (and have not contended) that they were unaware that no entity known as Orkin Exterminators exists. *See Keller v. Carr*, 534 F.Supp. 100 (W.D.Ark.1981). The petition for removal, filed in July, was too late.

## IV.

The Robersons filed their motion for remand pursuant to 28 U.S.C. § 1447, which provides in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal ...

28 U.S.C. § 1447(c). Accordingly, finding that remand is proper in this case because of the defendant's failure to comply with the filing requirements of 28 U.S.C. § 1446, *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460 (E.D.Mich.1990), the court further must consider whether an award of costs against Orkin is appropriate.

■ If a federal court determines that remand of a removed case is warranted, it may assess "just costs" against the petitioning defendant. *Nuclear Engineering Co. v. Scott*, 660 F.2d 241 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). Some courts have held that § 1447 only authorizes the assessment of costs against a defendant who has acted in bad faith in seeking removal. *Armstrong v. Goldblatt Tool Co.*, 609 F.Supp. 736 (D.Kan.1985); *Zoyoipoulos v. Palombo*, 584 F.Supp. 867 (D.Colo.1984); *Zimmerman v. Conrail*, 550 F.Supp. 84 (S.D.N.Y.1982). Other courts have held that the defendant need not have acted in bad faith to justify an award of costs, if the court can find that the "cause was removed improvidently". *News–Texan, Inc. v. City of Garland, Texas*, 814 F.2d 216 (5th Cir.1987); *Tralmer v. Galaxy Airlines, Inc.*, 611 F.Supp. 633 (D.Nev.1985).

In other words, if the petitioning party knew or should have known that removal was improper, the defendant should be held liable for the plaintiff's costs of defending against removal. *Nursefinders of Elmwood Park, Inc. v. Metropolitan Life Insurance Co.*, 109 F.R.D. 4 (N.D.Ill.1985). An award of costs generally is inappropriate if the defendant raised legitimate and substantial grounds for removal and asserted them in the best of faith. *Gorman*

*v. Abbott Labs,* 629 F.Supp. 1196 (D.R.I.1986).

Applying these standards to Orkin's removal petition, the court concludes that an award of costs is inappropriate in this matter. The complaint did not disclose the extent of the plaintiffs' claim. Although the court has concluded that the proposed pretrial order was sufficient to disclose to Orkin the basis for federal jurisdiction, some of the cases on which Orkin relies indicate that it is appropriate to seek discovery to determine whether the underlying facts create grounds for removal. Although the court cannot agree that the thirty-day clock of § 1446 stands still pending such discovery, neither can the court find that Orkin's post-discovery removal petition was filed in bad faith or without legitimate grounds. Accordingly, each side shall bear its own costs of this short-lived federal action.

## V.

For the foregoing reasons, the court REMANDS this case to the Cass Circuit Court. Each side to bear its own costs.

SO ORDERED.