Walter LANG, Plaintiff,

v.

AMERICAN ELECTRIC POWER COMPANY, INC.; American Electric Power Service Corp.; Indiana Michigan Power Co.; the City of Mishawaka, Indiana; Mishawaka Municipal Electric Utilities; Mishawaka Board of Public Works & Safety; the Mishawaka Common Council; American Line Builders Apprenticeship Training Program; the L E Myers Co.; Miller Construction Co., Inc.; T & F Construction Corp., of Indiana; American Line Builders Chapter, National Electrical Contractors Assoc., Inc., Defendants.

Civ. No. S 91–443.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 27, 1992.

**1332**

Richard J. LaSalvia, South Bend, Ind., for plaintiff.

Carmen M. Piasecki, Thomas H. Singer, Edward N. Kalamaros, Patrick J. Hinkle, William N. Farabaugh, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The plaintiff, Walter Lang, objects to the notice of removal filed by the defendant, National Electrical Contractors Association ("NECA"), and moves for remand. The court has been fully briefed on the issues presented and held an oral hearing on the matter on January 24, 1992. Now, for the reasons stated below this court grants the plaintiff's motion to remand.

**1.** 28 U.S.C. § 1441(a) provides in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**2.** 29 U.S.C. § 185(a) provides:

## I.

The relevant facts can be briefly summarized. On August 8, 1991, the plaintiff, Walter Lang, filed his complaint for personal injury in the St. Joseph Superior Court, St. Joseph County, Indiana. Defendant, NECA, received service of Lang's original complaint on August 12, 1991. Lang filed an amended complaint in St. Joseph Superior Court on September 10, 1991. The following day, September 11, 1991, NECA filed its notice of removal in this court pursuant to 28 U.S.C. § 1441[1] invoking original federal jurisdiction under 29 U.S.C. § 185.[2] No other defendants were joined in NECA's removal petition. NECA was dismissed by stipulation from this case with prejudice on November 15, 1991.

Thus, the plaintiff asserts that the defendant, NECA, failed to join all defendants in its notice of removal pursuant to § 1441(a), and the 30 day time limit to do so has passed. Therefore, the plaintiff argues that the case should be remanded to the St. Joseph Superior Court pursuant to 28 U.S.C. § 1447(c).

## II.

### Removal Jurisdiction

The initial inquiry when deciding whether a case is removable from a state court to a federal district court is whether the original claim could have been brought in such federal court. If not, the matter is not removable. *Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 183 (7th Cir.1984). Thus, if Lang's original claim could not have been brought in federal court, this matter was not removable. Whether it could have been brought in federal court depends "on the (truthful) allegations of the complaint

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

rather than on an issue that might be—even one that certainly would be—injected later by the answer or some other subsequent pleading." *Id.*, at 183 *citing Gully v. National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Therefore, this court looks first to the plaintiff's amended complaint. In Count XI of that complaint, the plaintiff alleges that NECA violated Department of Labor regulations and federal safety regulations. Thus the claim against NECA could originally have been brought in federal court.

Next, the court addresses whether the procedures for removal were carried out properly. NECA brought its removal pursuant to § 1441(c), which provides:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[3] of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues, therein, or in its discretion, may may [sic] remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

"As a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir.1982) *citing Chicago, Rock Island, & Pacific Railway Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900). Furthermore, "a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Northern Illinois Gas Co.,* 676 F.2d at 273. As an exception to the general rule the Seventh Circuit has written that "[n]ominal parties ... are disregarded for removal purposes and need not join in the petition." *Id.,* at 272. This circuit's Court

of Appeals further limited the general rule in *Bernstein* when it wrote that consent of other defendants is required under § 1441(a), "but not for removal under 28 U.S.C. § 1441(c) ... that is, not if the plaintiff's claim against the removing defendant is 'separate and independent' from the other claims in the suit." *Bernstein,* 738 F.2d at 183. Even so, "[w]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party...." *Northern Illinois Gas Co.,* 676 F.2d at 273.

In this case, no other defendants were joined and NECA did not explain in its petition why no others joined. However, given the two exceptions noted above: (1) if the other defendants are "nominal parties" or (2) if Lang's claim against NECA was "separate and independent" from claims against the other defendants and the other claims were "non-removable," then removal without joining the other defendants would still be acceptable. The court will address each of these exceptions as they relate here.

■ First, the allegations made in the complaint against NECA are also made against American Line Builders Chapter National Electrical Contractors Association, Inc., the L E Myers, Co., Miller Construction Co., Inc., and T & F Construction Corp., of Indiana. Thus, none of these defendants can be considered nominal parties in relation to NECA.

■ Second, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951).[4] In support of its

---

**3.** Section 1331 reads: The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**4.** The Seventh Circuit has used similar language when discussing separate and independent claims. "It is well-settled that a claim is not

'separate and independent' if it arises from the same loss or actionable wrong.... Even if more than a single wrong exists, claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts." *Lewis v. Louisville & Nashville R. Co.,* 758 F.2d 219, 221 (7th Cir.1985), (citations omitted).

argument that the claim against it is separate and independent from that against the other defendants, NECA argues that the complaint does not state a federal claim against other defendants. Based upon an examination of Count XI of the plaintiff's complaint, this court cannot agree. Count XI references the contract entered into with Local Union 1393. Count XI, paragraph 77, reads as follows:

> 77. Defendants, American Line Builders Chapter National Electrical Contractors Association, Inc., National Electrical Contractors Association, Inc., the L E Myers, Co., Miller Construction Co., Inc., and T & F Construction Corp., of Indiana, entered into a contract with Local Union 1393 of the International Brotherhood of Electrical Workers which in part was intended to provide for the safety and well-being of IBEW members such as Walter Lang.

Paragraph 78 of Count XI continues this allegation with the plaintiff arguing that the defendants named in paragraph 77 failed to "comply with Department of Labor regulations and violating Federal, State and local safety regulations." Finally in paragraph 79 the plaintiff argues that his injuries resulted "[a]s a direct and proximate result of the breach of contract by said defendants [those named in paragraph 77] and of the negligent and careless conduct of said defendants."

All of the plaintiff's injuries resulted from one incident—electrocution. The allegations made against the defendants, American Line Builders Chapter National Electrical Contractors Association, Inc., National Electrical Contractors Association, Inc., the L E Myers, Co., Miller Construction Co., Inc., and T & F Construction Corp., of Indiana, undoubtedly arise from an "interlocked series of transactions" centering around working conditions and the injuries suffered. Thus, this court disagrees with the defendant, NECA, that the claim against it represents a separate and independent claim.

Furthermore, NECA argues that no other defendants plead the affirmative defense of preemption. Thus, NECA concludes that all claims against other defendants were non-federal causes of action governed by state law.

However, no defendant, including NECA, could rest its case for removal by pleading the affirmative defense of federal preemption, because removal jurisdiction is dependent on the face of the claim. *See, Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939) (Removal jurisdiction is determined based upon the plaintiff's complaint at the time of the petition for removal.); and *Bernstein*, 738 F.2d at 183.

As the claim against NECA is not separate and independent from that against other defendants and no other defendants joined in NECA's removal, NECA's petition for removal is defective.

## III.
### 28 U.S.C. § 1441(c) and the Court's Discretion

■ Even if these were separate and independent claims, the few courts which have interpreted 28 U.S.C. § 1441(c) since its amendment on December 1, 1990 have concluded that remand of an entire case, including federal claims, should be had if state law predominates. The relevant portion of 28 U.S.C. § 1441(c) states that the court, "in its discretion, may may [sic] remand all matters in which State law predominates." Thus in ruling on this motion, this court must exercise its discretion.

The first decision to interpret § 1441(c), as amended, appears to have been *Martin v. Drummond Coal Co., Inc.*, 756 F.Supp. 524 (N.D.Ala.1991). The *Martin* court concluded that the change in § 1441(c) was intended to "subtract substantially from the removal jurisdiction of the federal courts." *Id.* at 526. In fact, *Martin* went so far as to state that if state law "predominated overwhelmingly, .... [i]t would probably constitute an abuse of discretion not to remand the case." *Id.* at 527.

When the issue of § 1441(c) came before the *Martin* court for a second time in *Holland v. World Omni Leasing*, 764 F.Supp. 1442 (N.D.Ala.1991), that court did not de-

viate from the position it had taken in *Martin.* In *Holland,* several other authorities supporting the position taken in *Martin* were discussed. This court agrees with the interpretation provided by the *Martin* court. Additionally, this court is mindful of the long-standing practice of construing removal statutes narrowly. *See, Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

In exercising its discretion in this matter, the court has considered several factors. First, it notes the defect in the petition for removal described above but does not decide whether that alone would have been fatal to NECA's petition for removal. However, at least two additional factors weigh heavily in this decision. First, the defendant NECA was dismissed from this case with prejudice on November 15, 1991. Second, prior to NECA's dismissal, no other defendants joined or consented to NECA's petition for removal. Additionally, at the oral hearing held January 24, 1992, none of the defense attorneys present indicated strong feelings against having this case heard in the county court rather than federal district court. For these reasons, this court finds, in its discretion, that remanding this case to the St. Joseph County Superior Court is appropriate at this time.

## IV.

### Payment of Just Costs and Expenses

█ As this court has found that remand is appropriate, it must next determine whether an award of costs against NECA is warranted. 28 U.S.C. § 1447 provides in pertinent part:

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

28 U.S.C. § 1447(c).

"If a federal court determines that remand of a removed case is warranted, it may assess 'just costs' against the ... defendant [who petitioned for removal]." *Roberson v. Orkin Exterminating Company, Inc.,* 770 F.Supp. 1324, 1330 (N.D.Ind.1991) *citing Nuclear Engineering Co. v. Scott,* 660 F.2d 241 (7th Cir. 1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982). The standard for determining whether to assess costs has been stated in a variety of ways.

Some courts have held that § 1447 only authorizes the assessment of costs against a defendant who has acted in bad faith in seeking removal. Other courts have held that the defendant need not have acted in bad faith to justify an award of costs, if the court can find that the 'cause was removed improvidently'....

... An award of costs generally is inappropriate if the defendant raised legitimate and substantial grounds for removal and asserted them in the best of faith.

*Roberson,* 770 F.Supp. at 1330 (citations omitted).

Based upon these standards, this court concludes that an award of costs would be inappropriate in this case. NECA filed for removal because the plaintiff's claims against it arose under a collective bargaining agreement. NECA argued, in good faith, that the claims against the remaining defendants were separate and independent, non-removable state law claims making joinder of other defendants unnecessary. This court cannot find that NECA's removal was in bad faith or improvident. Therefore, each side shall bear its own costs for this federal action.

## V.

For the foregoing reasons and pursuant to the authorities cited, this court REMANDS this matter to the St. Joseph

County Superior Court. Each side will bear its own costs.

IT IS SO ORDERED.