George MACRI, Jr., Plaintiff,

v.

M & M CONTRACTORS, INC.,
et al., Defendants.

No. 3:94–CV–907RM.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 27, 1995.

Edward A. Chapleau, Chapleau and Kuehl, South Bend, IN, for plaintiff.

Theodore S. Leonas, Jr., Leonas and Associates, Palos Heights, IL, for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on plaintiff George Macri, Jr.'s Motion to Dismiss Verified Petition or Motion to Remand to State Court (filed November 22, 1994 (# 4)). Defendants M & M Contractors, Inc., Thomas B. Markley, and Robert T. Moncek (hereinafter "M & M") oppose this motion, and in addition have a Petition for Transfer of Venue (filed November 21, 1994 (# 3)). For the reasons that follow, this court finds that Mr. Macri's motion should be granted, and that this cause should be remanded to the St. Joseph County, Indiana, Superior Court. The remand moots M & M's Petition for Transfer of Venue.

### I.

On October 5, 1994, plaintiff George Macri, Jr. filed a breach of contract and fraud action against M & M Contractors, Inc., et al. ("M & M") in the St. Joseph County, Indiana, Superior Court. M & M states that it "received a copy of a Summons and Complaint on or about October 15, 1994." (See Defendant's Verified Petition for Removal, at 1.) The certified mail return receipts included in the record show that the date of delivery of the summons and complaint to M & M as October 11, 1994.

On November 14, M & M filed its Verified Petition of Removal in this court, pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship under 28 U.S.C. § 1332 as the jurisdictional basis for removal.

On November 17, this court issued an order "afford[ing] the parties 45 days from the date of such order for the parties to submit sufficient allegations or stipulations with respect to the existence of jurisdiction under 28 U.S.C. § 1332." The court noted that "neither the plaintiff's complaint nor the defendants' removal petition adequately allege[d] the existence of jurisdiction" because the mere allegations of the residency of the parties were not enough to establish jurisdiction, and no indication was given as to M & M's principal place of business.

On November 21, M & M filed its Petition for Transfer of Venue, asking this court to transfer venue in this case to the Hammond Division of the United States District Court for the Northern District of Indiana.

On November 22, Mr. Macri filed his Motion to Dismiss Verified Petition or Motion to Remand to State Court. Mr. Macri contends that M & M failed to comply with the procedures for removal set out in 28 U.S.C. § 1446 and that because of these failures, M & M's removal petition should be dismissed, or the case should be remanded to the State court in accord with the provisions for remand set forth in 28 U.S.C. § 1447.

On December 5, M & M filed its Motion in Opposition to Dismiss Verified Petition for Removal or Motion to Remand to State Court. In this motion, M & M states that its failure to comply with the § 1446 removal procedures was due to an "inadvertent clerical error." M & M attempts to cure these procedural defects by attaching to this motion a signature of verification of its Petition for Removal; a signed certificate of service stating that M & M received notice from Mr. Macri's counsel on November 28 that Mr.

Macri had received actual notice of M & M's removal petition; and an affidavit by M & M's counsel verifying that he filed M & M's petition for removal in the state court. This affidavit does not indicate the date of such filing, but the record shows that M & M's petition for removal was filed in the St. Joseph Superior Court on December 6.

On December 5, M & M filed their Allegations of Jurisdiction, specifying the domiciles of defendants Thomas B. Markley and Robert Moncek, as well as the state of incorporation and principal place of business of M & M Contractors, Inc.

## II.

■ 28 U.S.C. § 1441, which governs removal of actions, provides in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

These sections of the statute illustrate that Congress made the removal jurisdiction of the federal district courts coextensive with the federal district courts' original jurisdiction, and that the federal question and diversity rules of 28 U.S.C. §§ 1331 and 1332, respectively, also apply to removal of actions.

The congressionally mandated procedures for removal are set out in 28 U.S.C. § 1446. § 1446(a) requires that:

[a] defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the

district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal....

§ 1446(b) provides a time limit within which a notice of removal must be filed:

[W]ithin thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(d) mandates that:

Promptly after filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1447 sets forth, among other post-removal procedures, provisions for remand. § 1447(c) states:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses.

"Section 1447(c) ... provides two bases for remand: a 'defect in the removal procedure' and the absence of subject matter jurisdiction ... Section 1446 establishes procedures for removal, and a 'defect in removal procedure' means failure to comply with § 1446." *In re Continental Casualty Co.*, 29 F.3d 292, 293–94 (7th Cir.1994).

■ The thirty-day time limit for removal imposed by § 1446(b), while not jurisdictional, is a strictly construed rule of procedure,

and failure to comply with this rule is ground for remand, absent waiver. *Northern Illinois Gas Co. v. Airco, Inc.,* 676 F.2d 270, 273 (7th Cir.1982); *see also Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993); *Roberson v. Orkin Exterminating Co.,* 770 F.Supp. 1324, 1328 (N.D.Ind.1991). Within the thirty-day time limit for removal imposed by § 1446(b), a removal petition may be freely amended to cure any defects. 676 F.2d at 273.

■ Even after the thirty-day time limit, defects as to allegations of jurisdiction may be cured by amendment in accordance with 28 U.S.C. § 1653. *Id.* Defects in removal procedures may only be cured within the statutory time period, however, unless they are waived. As the Seventh Circuit Court of Appeals has explained:

> [T]he question is not whether noncompliance with statutory requirements is a § 1447(c) ground for remand—that conclusion seems to be beyond dispute ... the Supreme Court long ago held that the "modal and formal" requirements of the removal statutes can be waived by failure to timely object to the defect. *Ayers v. Watson,* 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885). Courts have relied, in part, on *Ayers* to hold that technical defects in the petition can be cured. *See Tucker v. Kerner,* 186 F.2d 79, 81–82 (7th Cir.1950). The rationale is as follows. A technical defect ... does not (unlike a failure to file within 30 days) forfeit the right to remove. For even if one were to say that the district court must remand for such a technical defect, the petition might be corrected and refiled within the statutory time period. Since the technical defect, in itself, does not forfeit the right to remove and the defendant could simply refile, there is no reason not to allow the defendant to cure the defect.

*Rothner v. City of Chicago,* 879 F.2d 1402, 1412 n. 10 (7th Cir.1989).

■ This reasoning illustrates several points. First, a defect in removal procedure will not be ground for a remand so long as the petitioner corrects the defect within the thirty-day time period because, were the case remanded for this procedural defect within this period, the petitioner could simply refile the removal petition. Amendments to cure procedural defects after the thirty-day time limit has passed will not serve to avoid remand, since the petitioner could not simply properly refile the petition after the thirty day deadline. Second, procedural defects in the removal may be waived by a failure to timely object within the thirty-day period after the filing of the removal petition, as provided by § 1447(c). Finally, "to effect removal, a defendant must comply with all of the requirements of § 1446(d)." *L & O Partnership No. 2 v. Aetna Casualty and Surety Co.,* 761 F.Supp. 549, 551 (N.D.Ill. 1991). The defendant bears the burden of meeting all of the statutory requirements for removal. *Roberson,* 770 F.Supp. at 1328. "The plaintiff has a right to remand if the defendant did not take the right steps when removing," *Continental Casualty Co.,* 29 F.3d at 294, and "a removed matter must be remanded if there are any defects in the removal procedure." *Eltman v. Pioneer Communications of America,* 151 F.R.D. 311, 314 (N.D.Ill.1993) (citing *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993); *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 708 (7th Cir.1992)).

M & M states that it received notice of the claim against them "on or about October 15, 1994." "The fundamental principle of the removal statute is that the time limitation on seeking removal begins to run when the defendant receives notice of the action, not when the action commences." *Roberson,* 770 F.Supp. at 1327. The record shows, however, that the summons and complaint was delivered to M & M, via certified mail, on October 11. Under Fed.R.Civ.P. 6(e), which governs the computation of the time period in § 1446(b), *see L & O Partnership No. 2 v. Aetna Casualty and Surety Co.,* 761 F.Supp. 549 (N.D.Ill.1991), M & M's time period for filing its removal petition lapsed on either November 10 or November 14, depending on the day on which M & M actually received notice of the action against it. M & M filed its petition for removal on November 14, 1994. Although whether M & M filed its removal petition within the required thirty days is not without doubt, Mr. Macri has not

objected to the removal on this ground and has thus waived this argument. *See Continental Casualty Co.*, 29 F.3d 292. Because a resolution of this question would not change the result of today's ruling, the court need not decide on which of these two dates the thirty day time period actually lapsed.

■ M & M's removal petition was procedurally defective in three ways: (1) the petition was not signed pursuant to Rule 11 as required by § 1446(b); and in contravention to § 1446(d), (2) M & M failed to give written notice of the removal to Mr. Macri promptly after filing its notice of removal; and (3) M & M failed to file a copy of the notice with the clerk of the state court promptly after filing its notice of removal. Mr. Macri has not waived these grounds for remand. His motion was filed well within the thirty day period after the filing of the removal petition, as directed by § 1447(c).

M & M attempts to cure these procedural defects by its December 5 filing of a signature of verification for its removal petition, a certificate of service contending that Mr. Macri received actual notice of the removal petition on November 28, and an affidavit verifying its filing of the removal petition in state court. These attempts, however, fall outside M & M's thirty day deadline for filing its removal petition, regardless of whether the thirty-day period expired on November 11 or November 14. Because this time period is to be "strictly construed," *see Northern Illinois Gas Co.*, 676 F.2d at 273, the failure to comply with these "formal and modal" requirements within this period cannot be cured after the time period has expired, because M & M could not simply correct the procedural defects and refile the petition within the statutory period. *See Rothner*, 879 F.2d at 1412 n. 10.

Because of these defects by M & M in the removal procedure, Mr. Macri has a right to remand of this case to the state court. *See Continental Casualty Co.*, 29 F.3d at 294; *Eltman*, 151 F.R.D. at 314. This finding makes it unnecessary for the court to decide whether M & M's amended allegations of jurisdiction, filed on December 5, 1994 satisfy the court's November 17 order, and renders M & M's Petition for Transfer of Venue moot.

■ Finally, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal...." Thus, the order to remand this case requires that the court further consider whether an award of costs against M & M is appropriate. *Lang v. American Elec. Power Co., Inc.*, 785 F.Supp. 1331, 1335 (N.D.Ind.1992); *Roberson*, 770 F.Supp. at 1330. As the court stated in *Lang*:

> The standard for determining whether to assess costs has been stated in a variety of ways. "Some courts have held that § 1447 only authorizes the assessment of costs against a defendant who has acted in bad faith in seeking removal. Other courts have held that the defendant need not have acted in bad faith to justify an award of costs, if the court can find that 'the cause was removed improvidently'... An award of costs generally is inappropriate if the defendant raised legitimate and substantial grounds for removal and asserted them in the best of faith."

*Lang*, 785 F.Supp. at 1335 (quoting *Roberson*, 770 F.Supp. at 1330). "[T]he term 'improvidently' is to be read as noncompliance with the procedural requirements of § 1446." *Rothner*, 879 F.2d at 1411. Because of the improvident manner in which M & M executed its removal petition, M & M should bear the costs of removal, even if there was no actual bad faith involved in their non-compliance with required procedures. "Good faith or the lack of it is not the standard that informs the provision that permits such an award under Section 1447(c)." *Scialo v. Scala Packing Co., Inc.*, 821 F.Supp. 1276, 1278 (N.D.Ill.1993) (defendant required to pay for costs of removal when case remanded because of procedural defects). Courts in other jurisdictions have, likewise, awarded costs for non-compliance with § 1446(b)'s procedural requirements. *See S.M. v. Jones*, 794 F.Supp. 638 (W.D.Tex.1992) (costs to defendant when removal petition filed one day after 30 day time period); *Knudsen v. Samuels*, 715 F.Supp. 1505 (D.Kan.1989) (defendant taxed for costs when "improvidently"

filed removal petition after expiration of time period). For these reasons, M & M is ordered to pay the costs and any actual expenses of this federal action, including attorney's fees, incurred as a result of its improvident removal.

### III.

For the reasons stated, this court:

(1) GRANTS the plaintiff's motion to remand this case to the St. Joseph, Indiana, Superior Court (filed November 22, 1994 (# 4));

(2) DENIES AS MOOT the defendants' Petition for Transfer of Venue (filed November 21, 1994 (# 3)); and

(3) ORDERS the defendants to pay all costs and actual expenses, including attorneys fees, incurred by plaintiff as a result of this removal.

SO ORDERED.